## In re: TOTAL BODY FORMULA PRODUCTS LIABILITY LITIGATION.

### MDL No. 1985.

United States Judicial Panel on Multidistrict Litigation.

Oct. 21, 2008.

Before JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN and W. ROYAL FURGESON, JR., Judges of the Panel.

### TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Now before the Panel is a motion brought, pursuant to 28 U.S.C. § 1407, by plaintiffs in ten Northern District of Alabama actions for coordinated or consolidated pretrial proceedings of the fifteen actions listed on

Schedule A. The motion encompasses twelve actions in the Northern District of Alabama, two actions in the Middle District of Florida and one action in the Northern District of Florida.[1]

Moving plaintiffs seek centralization in the Northern District of Alabama. Common defendant Total Body Essential Nutrition, Inc., and defendants Wright Enrichment, Inc.; Wright Pharma, Inc.; and Texamerican Food Blending, Inc., support the motion. Plaintiff in one of the related actions in the Western District of Kentucky also supports the motion. Plaintiffs in one Middle District of Florida action and the related Northern District of Georgia action initially supported centralization in other districts, but now also support centralization in the Northern District of Alabama. Plaintiffs in the Northern District of Florida action agree that centralization is appropriate, but propose the Northern District of Florida as the transferee district.

Horizon Health Care Systems, Inc., d/b/a The Medicine Shoppe, a defendant in the Northern District of Florida action, opposes the motion.

On the basis of the papers filed and hearing session held, we find that these fifteen actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Alabama will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share questions of fact arising from the defendants' manufacturing, marketing, selling and distribution of Total Body Formula and Total Body Mega Formula. Plaintiffs in all actions allege that certain flavors of these products contained excessive amounts of minerals and caused them injuries. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

The Northern District of Alabama stands out as an appropriate transferee district. In total, fourteen of the twenty actions are pending in this district, and nearly all responding parties support centralization there. In addition to the moving plaintiffs, the three main defendants and plaintiffs in three actions outside the Northern District of Alabama support centralization in that district. Also, no multidistrict litigation dockets are currently pending in the Northern District of Alabama.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Alabama are transferred to the Northern District of Alabama and, with the consent of that court, assigned to the Honorable David R. Proctor for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

## SCHEDULE A

MDL No. 1985—**IN RE: TOTAL BODY FORMULA PRODUCTS LIABILITY LITIGATION**

*Northern District of Alabama*

*Cindi B. Howard, et al. v. Total Body Essential Nutrition, Inc., et al.,* C.A. No. 1:08–1012

---

1. In addition to the actions encompassed by the motion, the parties have notified the Panel of two related actions in the Northern District of Alabama, two related actions in the Western District of Kentucky and a related action in the Northern District of Georgia. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

*John W. Wilkerson v. Total Body Essential Nutrition, Inc., et al.,* C.A. No. 2:08–626

*Bryan Hicks v. Total Body Essential Nutrition, Inc., et al.,* C.A. No. 2:08–627

*David L. Dickens v. Total Body Essential Nutrition, Inc., et al.,* C.A. No. 2:08–712

*Virginia R. Dickens v. Total Body Essential Nutrition, Inc., et al.,* C.A. No. 2:08–713

*Edward Patalas v. Total Body Essential Nutrition, Inc., et al.,* C.A. No. 2:08–758

*B. Chase Hicks, etc. v. Total Body Essential Nutrition, Inc., et al.,* C.A. No. 2:08–759

*Jennifer Wood v. Total Body Essential Nutrition, Inc., et al.,* C.A. No. 2:08–827

*Hazel White v. Total Body Essential Nutrition, Inc., et al.,* C.A. No. 2:08–828

*Flora Doss v. Total Body Essential Nutrition, Inc., et al.,* C.A. No. 2:08–949

*Marcella Sparks v. Total Body Essential Nutrition, Inc., et al.,* C.A. No. 2:08–1010

*James L. Kassner, Jr. v. Total Body Essential Nutrition, Inc., et al.,* C.A. No. 2:08–1094

*Middle District of Florida*

*Frank Eriquez v. Total Body Essential Nutrition, Inc.,* C.A. No. 6:08–1000

*Judy Golembeski v. Total Body Essential Nutrition, Inc., et al.,* C.A. No. 6:08–1159

*Northern District of Florida*

*Stockton Hess, et al. v. Wright Pharma, Inc., et al.,* C.A. No. 5:08–200